UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEANNE C. Z., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C24-5677-BAT <br><br> **ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE** |

Plaintiff appeals the ALJ's September 7, 2023 decision finding her not disabled. After conducting a hearing, the ALJ issued a written decision finding seizure disorder is a severe impairment; Plaintiff has the residual functional capacity (RFC) to perform the full range of work at all levels with limitations on climbing, commercial driving, and hazard exposure; Plaintiff can perform past relevant work as a finance manager/director and is therefore not disabled. Tr. 43-54.

Plaintiff contends the ALJ's erroneous rejection of her testimony resulted in a residual functional capacity (RFC) determination that fails to account for the severity of her limitations. She further contends the vocational expert's testimony that she can perform past relevant work as a finance director/manager is invalid because it is based upon the Dictionary of Occupational

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING
THE CASE - 1

Titles (DOT) which is obsolete. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## DISCUSSION

The Court can reverse the ALJ's decision only if it is not supported by substantial evidence in the record, if the ALJ applied the wrong legal standard, and if the ALJ's errors are harmful. *Molina v. Astrue,* 674 F.3d 1104, 1110-12 (9th Cir. 2012). The relevant inquiry "is not whether the ALJ would have made a different decision absent any error…[but] whether the ALJ's decision remains legally valid, despite such error. *Carmickle v. Commissioner, Social Security Administration*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

### A.    Plaintiff's Testimony

The ALJ did not find malingering and was thus required to provide clear and convincing reasons to discount Plaintiff's testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). The ALJ's reasons must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify *which* testimony the ALJ found not credible and explain *which* evidence contradicted that testimony). General findings and conclusory statements without supporting evidence are thus insufficient. *Brown-Hunter,* 806 F.3d at 494.

The ALJ's decision notes that Plaintiff testified her medical condition limits her ability to lift, squat, walk, climb stairs, remember, complete tasks, or concentrate, perform jobs requiring these abilities and she also cannot handle anything reliably, and cannot keep a schedule. Tr. 48

The ALJ further noted Plaintiff indicated she could care for pets, go on short walks, had no problems with personal care or with performing household chores. *Id*.

The ALJ found Plaintiff's severe impairment could reasonably be expected to cause her claimed symptoms, but her statements about the severity, persistence and limiting effects of her symptoms are not entirely consistent with the medical and other evidence of record. Tr. 49. In support, the ALJ found Plaintiff suffers from and has been treated for seizures. Plaintiff had her first seizure in November 2021, suffering a "one minute tonic-clonic seizure with incontinence," with confusion, nausea, vomiting and diarrhea and "moderate discomfort." Tr. 49. She was examined and appeared alert, and oriented, had minimal distress, and no motor or sensory deficits. Seizure medication was not prescribed as she had not had previous seizure. MRI imaging showed white matter abnormalities. *Id*.

In January 2022, Plaintiff suffered more seizures which she described as grand-mal as she indicated that her seizure caused her to bite her tongue and resulted in sore legs and incontinence. An examination of Plaintiff found she had no focal deficits; an EEG and a neurology consultation were recommended. Tr. 50.

At a December 2022, neurological consultation examination, Plaintiff's husband reported Plaintiff had had a total of four seizures since 2021. Plaintiff was advised to avoid activities that could endanger her, and she was prohibited from driving a car for six months after a seizure. *Id*. Plaintiff was diagnosed with nonintractable generalized idiopathic epilepsy without status epilepticus. Tr. 50-51.

A January 2023, neurology consultation noted Plaintiff had chronic balance and unsteady gait and had had a total of four seizures between her first in November and January 2023. Tr. 51. Plaintiff's exam showed decreased sensation to multiple modalities in graded fashion, worse

distally and absent reflexes. Plaintiff was diagnosed with epilepsy and directed to take antiepileptic medications indefinitely.

The ALJ found the record "does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision." Tr. 51. The ALJ discounted the initial state agency medical opinion and found the reconsideration agency opinion persuasive and supportive of limiting Plaintiff to work at all exertional levels subject to seizure precautions. Tr. 52. The ALJ also found the opinions of the state agency psychological consultants that Plaintiff has "no mental medically determinable impairment" was persuasive, and discounted the opinion of Shannon Ledesma, Ph.D., that Plaintiff might be able to perform simple, repetitive tasks, had difficulty performing daily tasks, and might have difficulty interacting with coworkers or the public and accepting supervisory instructions.

The ALJ indicated the statements of Plaintiff's husband "was considered" without further discussion. The ALJ concluded Plaintiff can perform work at all exertional levels with seizure precautions because the evidence shows while Plaintiff suffers from a seizure disorder, she takes anti-seizure medication and her "condition improved and her last seizure was on November 8, 2022." Tr. 53.

Plaintiff argues the ALJ erroneously rejected her testimony. In her opening brief, Plaintiff correctly argues the ALJ erred by discounting her testimony based upon her daily activities. The ALJ reliance upon minimal daily activities such as feeding pets, short walks, daily care such as bathing and light cleaning, and watering plants, do not contradict Plaintiff's testimony because she did not testify she could not perform these activities, when her activities show she could. Dkt. 13 at 6. Her minimal daily activities also do not meet the threshold for transferrable works

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING
THE CASE - 4

skills and thus are not grounds to discount her testimony. The Court accordingly finds substantial evidence does not support the ALJ's determination.

In her opening brief, Plaintiff did not challenge the other reasons the ALJ gave to discount her testimony. However, in her reply, she argues for the first time the ALJ erred by failing to evaluate Dr. Marcus Ponce De Leon's November 2023 "well-supported opinion" that Plaintiff would be "off-task 15% of a typical workday, incapable of low-stress work and would miss more than four days per month." Dkt.18 at 2 (citing Tr. 15-19).

As an initial matter, a claimant normally has waived argument on issues raised for the first time in a reply brief. *See Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1185 (9th Cir. 2001). The underlying rationale is Commissioner cannot respond to claims not raised in the opening brief. This rationale applies here.

Additionally, Plaintiff's argument lacks support. Plaintiff argues the ALJ erred by failing to evaluate the "well-supported opinion" of Marcus Ponce de Leon, M.D. that Plaintiff has recurrent seizures, requires 24-72 hours to recover from a seizure, will be off-task 15% of a typical workday, is incapable of low stress work and would miss more than four days per month, the ALJ erroneously gave more weight to the findings of the non-examining state agency consultants. Dkt. 18 at 2.

However, Dr. Ponce de Leon signed the opinion on November 20, 2023, more than two months after the ALJ issued the written decision herein. The ALJ did not err in failing to evaluate an opinion that did not exist at the time the decision was issued. Moreover, Dr. Ponce de Leon's November 2023 opinion noted: Plaintiff would have less than 1 seizure a month; her seizures would last several minutes; Plaintiff needs to rest about one hour after a seizure; neither stress nor exertion would precipitate Plaintiff's seizures; Plaintiff has no sit/stand or weight

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING
THE CASE - 5

lifting and carrying limitations; Plaintiff is compliant with medications and suffers no side-effects; Plaintiff has no "associated mental problems; that other than time away from work due to a seizure Plaintiff does not need unscheduled work breaks; and Plaintiff's seizures do not produce good days and bad days. Dr. Ponce de Leon did not check any boxes as to the number of workdays Plaintiff might miss each month due to seizures, and noted she cannot drive for six months after a seizure and cannot work at heights or with "potentially dangerous equipment." Tr. 15-19. The Court accordingly finds the ALJ's findings are not undermined by Dr. Ponce de Leon's November 2023 opinion.[1]

The Court notes the Commissioner in response contends the Court should affirm the ALJ's determination to discount Plaintiff's testimony because Plaintiff did not challenge the ALJ's finding she was not disabled based upon the medical record showing improvement with medication, and this finding is supported by substantial evidence. Dkt. 17 at 3. The Commissioner's argument reflects, as noted above, the ALJ's finding that Plaintiff takes anti-seizure medication and her "condition improved and her last seizure was on November 8, 2022."

Because the Commissioner addressed this finding, Plaintiff argues in her reply the ALJ erred in finding her seizures improved because she had a seizure even when taking Kepra. The ALJ has the authority and responsibility to weigh the evidence. The record that was before the ALJ shows Plaintiff had four seizures between her first seizure in November 2021 and January 2023, and a fifth breakthrough seizure in April 2023. Thus, Plaintiff's first four seizures occurred in the two and a half months between November 14, 2021 and January 27, 2022. After Plaintiff

---

[1] The Appeals Council made Dr. Ponce de Leon's opinion part of the administrative record, and this Court thus considers it to determine if the ALJ's decision remains supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

started anti-seizure medications in February 2022, she had no seizures until April 2023, when she had one, and then no further seizures up to the time of issuance of the ALJ's decision. Based upon this record, the Court cannot say the ALJ's determination that Plaintiff's seizures improved with medications is unreasonable. Accordingly, the Court affirms ALJ's finding in this regard and further finds the ALJ's determination to discount Plaintiff's testimony based upon her daily activities constitutes harmless error.

### B. Step Four Findings

In her opening brief, Plaintiff argues the vocational expert's (VE) reliance upon the Dictionary of Occupational Titles (DOT), without more, is an insufficient basis to find she can perform her past job. She argues the DOT is obsolete, the Commissioner has recently promulgated a list of jobs now considered obsolete, and that "the ALJ did not ask the VE if the demands of the finance director/manager (DOT # 216.482-010) is materially different in the current labor market than as set forth in the DOT."  Dkt. 13 at 11.

Plaintiff bears the burden to show the ALJ erred and failed to meet this burden by arguing, in a conclusory fashion, the DOT is an unreliable, and by failing to present any evidence during administrative proceedings evidence the DOT is insufficient. *See e.g., Donald H. v. Berryhill,* 2018 WL 3727897 at * 1 (D. Oregon, Aug. 6, 2018) (While the DOT is a basis for VE testimony, when a claimant presents evidence rebutting the DOT's reliability, the ALJ must address that evidence before relying on testimony supported by the DOT). The Court notes because the DOT was created many years ago there are legitimate concerns about its reliability. But those concerns should be addressed by presenting evidence that there is a discrepancy between the DOT job description created years ago, and the description of the job as it currently

1  exists. Plaintiff has failed to do this and the Court accordingly affirms the ALJ's step four

2  finding that based upon the VE's testimony. Plaintiff can perform past relevant work.

3       In her reply brief, Plaintiff asserts the ALJ's step four findings are erroneous because first

4  it is inconsistent with her testimony, she cannot perform past relevant work and second because

5  the ALJ did not "reconcile conflicts between the VE's testimony and the Dictionary of

6  Occupational Titles." Dkt. 18 at 4. The first argument fails because the Court finds the ALJ

7  determination to discount Plaintiff's testimony is supported by substantial evidence. The second

8  argument fails because the record shows the VE testified Plaintiff could perform her past

9  relevant work, based upon the limitations set forth in the RFC, and that his testimony was

10 consistent with the DOT, his experience and training, and the Bureau of Labor Statistics. Tr.

11 169-70.

## CONCLUSION

13      For the foregoing reasons, the Court **AFFIRMS** the Commissioner's final decision and

14 **DISMISSES** this case with prejudice.

15      DATED this 28th day of 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge